■ JULIUS HEUTHE, JR., an Infant, by His Guardian ad Litem, GEORGIANA HEUTHE, et al., Respondents, v. WINDSOR FUEL CO., INC., et al., Appellants, et al., Defendant.— In a consolidated negligence action to recover damages for personal injuries, the two corporate defendants, Windsor Fuel Co., Inc., and New Cassel Fuel Oil Corp., appeal from an order of the Supreme Court, Nassau County, dated April 5, 1962, which granted plaintiffs' motion for a preference in trial pursuant to rule 151 of the Rules of Civil Practice. Order affirmed, with $10 costs and disbursements. No opinion. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ In the Matter of JOSEPH CIOCCOLANTI et al., Appellants, v. FRANK R. BARBARITA, Respondent.— In a proceeding under section 330 of the Election Law and article 78 of the Civil Practice Act, to declare the meeting of the Putnam County Democratic Committee held on July 9, 1962, to have been conducted illegally; to declare that all business conducted at said meeting was illegal and void, and to direct that a further meeting be held forthwith, petitioners appeal from an order of the Supreme Court, Putnam County, dated July 27, 1962, which denied their petition. Order affirmed, without costs. No opinion. Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ FRANK MAINETTY, Respondent, v. JOSEPHINE B. MAINETTY, Appellant.— In an action for a judicial separation, the defendant wife appeals from an order of the Supreme Court, Queens County, dated June 27, 1961, which, upon the plaintiff husband's application, further modified the original judgment in the action, entered November 24, 1952, so as to reduce from $150 a week to $75 a week the amount payable by the husband to the wife for the support, education and maintenance of their infant son. Order affirmed, without costs. It appears that the infant son of the parties is now a college student. We believe that the Special Term in reaching its determination to grant the husband's application, which was based primarily upon his worsening financial condition, properly took into consideration the existence of the trust fund created by him for the benefit of the son. Such fund is presently being utilized by the trustees to pay for the son's college education, as authorized by the trust indenture. When and if the husband should fail to meet the cost of the son's education, either out of said trust fund or any other source, the wife's remedy then will be to apply for an increase in the present weekly allowance of $75, provided the son has not then attained his majority (see Mainetty v. Mainetty, 282 App. Div. 774 and 6 A D 2d 702). Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NELSON ERBY, Appellant.— Appeal by defendant from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, rendered March 12, 1962 after trial, convicting him of petit larceny and imposing sentence. The People join in the prayer that the judgment be reversed and the information dismissed. Judgment reversed on the law and the facts and information dismissed. The conviction rests upon evidence obtained as a result of an illegal arrest and search of the defendant. It was a violation of defendant's constitutional rights to admit, over proper objection, the evidence thus obtained (People v. Moore, 11 N Y 2d 271; People v. Yarmosh, 11 N Y 2d 397). Beldock, P. J., Kleinfeld, Christ, Hill and Hopkins, JJ., concur.